UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MDISRUPT, INC.,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | No.  1:24-CV-001023-DAE |
| | § | |
| **SAFE & GREEN MEDICAL** | § | |
| **CORPORATION** *d/b/a Wellglobal* | § | |
| *Health, Wellglobal, and Well City,* | § | |
| **and SAFE & GREEN HOLDINGS** | § | |
| **CORP.,** | § | |
| *Defendants* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
        SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Safe & Green Holdings Corporation's ("SG Holdings") motion to dismiss, Dkt. 11, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge deny the motion.

## I.      BACKGROUND

Plaintiff MDisrupt, Inc, ("MDisrupt") initiated this lawsuit against Defendants SG Holdings and Safe & Green Medical Corporation *d/b/a* Wellglobal Health, Wellglobal, and Well City ("SGMC," and together "Defendants")[1] based on Defendants' alleged breach of a consulting agreement. Dkt. 1-1, at 3-4. Although the consulting agreement was executed between MDisrupt and SGMC, an SG Holdings

---

[1] SG Holdings is SGMC's parent company. Dkt. 1-1, at 1-2.

employee signed both the letter of engagement and non-disclosure agreement relevant to the agreement. *Id.* at 3. MDisrupt also communicated with members of SG Holdings through the negotiation of and execution of the consulting agreement, including having an SG Holdings employee work with consultants and solicit invoices for work done pursuant to the agreement. *Id.* at 3-5.

Defendants ultimately decided to end the collaboration and provided MDisrupt with written notice of their intent to terminate the agreement, as required under the contract. *Id.* at 4. MDisrupt accepted the termination notice and reminded Defendants of their obligation to remit all unpaid fees due under the agreement. *Id.* at 4-6. Despite representing to MDisrupt that they intended to remit payment for the unpaid invoices, Defendants allegedly never paid their outstanding balance of $183,901.10 due for services rendered under the agreement before its termination. *Id.* at 7. MDisrupt posits that Defendants are alter egos, and that SG Holdings is the successor-in-interest to SGMC. *Id* at 8. Based on these allegations, MDisrupt brings claims for breach of contract, promissory estoppel, open book account, fraud, constructive fraud, and negligent misrepresentation against Defendants. *Id.* at 8-13. SG Holdings moved to dismiss the claims against it, arguing that MDisrupt failed to sufficiently plead its claims against SG Holdings as SGMC's alter ego or successor-in-interest. Dkt. 11. MDisrupt objected to SG Holdings' motion to dismiss as untimely, [2] and otherwise asserts that it has properly pleaded its claims against SG Holdings.

---

[2] MDisrupt challenges SG Holdings' motion to dismiss as untimely, since it was filed on the same day as Defendants' answer. *See* Dkts. 9; 10; 23, at 6. "When a defendant files a Rule

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

12(b) motion simultaneously with his answer, this Court has discretion to view the motion as having preceded the answer, and thus, as having been timely presented." *Tex. Taco Cabana, L.P. v. Taco Cabana of N.M.*, 304 F. Supp. 2d 903, 907 (W.D. Tex. 2003). Because Defendants' answer cited MDisrupt's failure to state a claim upon which relief may be granted under Rule 12(b)(6) as an affirmative defense, the undersigned considers the defense to not have been waived and will make a recommendation on the merits of the motion. *See id.*

do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.    DISCUSSION

Under Texas law,[3] a court may pierce the corporate veil when: "(1) the corporation is the alter ego of its owners and/or shareholders; (2) the corporation is used for illegal purposes; and (3) the corporation is used as a sham to perpetrate fraud." *Rimade Ltd. v. Hubbard Enters., Inc.*, 388 F.3d 138, 143 (5th Cir. 2004)

---

[3] The consulting agreement included a choice-of-law provision stating that "[t]his agreement and all matters and issues collateral thereto shall be governed by the laws of Texas, without regard to its conflict of law principles." Dkt. 1-1, at 30. Because Texas law gives effect to choice-of-law provisions and Texas has some relationship to this dispute as MDisrupt's principal place of business, the undersigned will respect the parties' determination that MDisrupt's claims are subject to Texas law. *Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 620 (5th Cir. 2014) ("A federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits."); *Exxon Mobil Corp. v. Drennen*, 452 S.W.3d 319, 324 (Tex. 2014).

(applying Texas law). Here, MDisrupt alleged, among other theories,[4] that SG Holdings is SGMC's alter ego. Dkt. 1-1, at 8. Under section 21.223 of the Texas Business Organizations Code, a shareholder cannot be held liable for a corporation's contractual obligations unless the shareholder "caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder, beneficial owner, subscriber, or affiliate." Tex. Bus. Orgs. Code. § 21.223; *AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371, 386 (W.D. Tex. 2023) ("[A] contract claimant may only pierce the veil if the defendant has also committed an actual fraud against the plaintiff for the defendant's direct personal benefit.").

SG Holdings argues that MDisrupt's allegations of fraud are insufficient to state claims for liability relating to the breach of the consulting agreement under an alter-ego theory because they are conclusory statements that do not comply with Rule 9(b)'s particularity requirements. Dkt. 11, at 4-5. MDisrupt responds that it sufficiently alleged facts to support the actual-fraud requirement for alter-ego liability under Texas law by alleging that Defendants knowingly misrepresented their intention to make payments under the agreement to induce MDisrupt to

---

[4] SG Holdings challenges whether it is a successor-in-interest to SGMC, but offers no substantive briefing on this issue. Dkt. 11, at 4. Regardless, "only express assumption is grounds for successor liability under Texas law," and MDisrupt has made no such allegation here. *See* Dkt. 1-1; *In re 1701 Com., LLC*, 511 B.R. 812, 824 (Bankr. N.D. Tex. 2014); *E-Quest Mgmt., LLC v. Shaw*, 433 S.W.3d 18, 24 (Tex. App.—Houston 2013, pet. denied) ("[T]here is no successor in interest when an acquiring corporation does not expressly agree to assume the liabilities of the other party to an agreement because 'successor' has a specialized meaning 'beyond simple acquisition.'" (quoting *Sitaram v. Aetna U.S. Healthcare of N. Tex., Inc.*, 152 S.W.3d 817, 828 (Tex. App.—Texarkana 2004, no pet.))).

continue providing consulting services until the termination of the contract. Dkt. 23, at 7. This dispute thus boils down to whether MDisrupt properly pleaded actual fraud to support its theory of alter-ego liability against SG Holdings.

While SG Holdings is correct that MDisrupt must allege actual fraud to support its theory of alter-ego liability for its contract claims,[5] MDisrupt need not plead such fraud with particularity under Rule 9(b), as SG Holdings insists. Dkt. 11, at 5; Tex. Bus. Orgs. Code. § 21.223; *AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371, 386 (W.D. Tex. 2023) ("[A] contract claimant may only pierce the veil if the defendant has also committed an actual fraud against the plaintiff for the defendant's direct personal benefit."); *see id* at 387 (finding Rule 9(b)'s heightened pleading standard to be "at odds with the totality-of-the-circumstances approach courts have taken in assessing 'actual fraud'"). Instead, to plead actual fraud in support of an alter-ego theory of liability, MDisrupt need only provide a "general allegation of [SG Holdings'] dishonest purpose or deceitful intent with respect to [SGMC] and its transactions." *AHBP*, 649 F. Supp. 3d at 388 (citing *Archer v. Griffith*, 390 S.W.2d 735, 740 (Tex. 1964); Fed. R. Civ. P. 9(b)); *Archer*, 390 S.W.2d at 740 ("Actual fraud usually involves dishonesty of purpose or intent to deceive[.]"); Fed. R. Civ. P. 9(b) ("Malice, intent,

---

[5] The undersigned notes that MDisrupt need not allege actual fraud in support of its veil-piercing claims against SG Holdings sounding in tort. *See Ogbonna v. USPLabs, LLC*, No. EP-13-CV-347-KC, 2014 WL 2592097, at *8 (W.D. Tex. June 10, 2014) ("Whether a plaintiff may pierce an entity's veil pursuant to either the alter ego theory or the sham to perpetrate a fraud theory depends on whether the plaintiff's claims sound in tort or contract. Whereas a tort claimant may freely pierce the veil under either of these theories, a contract claimant may only pierce the veil if the defendant has also committed an actual fraud against the plaintiff for the defendant's direct personal benefit.").

knowledge, and other conditions of a person's mind may be alleged generally."); *Weston Grp., Inc. v. Sw. Home Health Care, LP*, No. 3:12-CV-1964-G, 2014 WL 940329, at \*2 (N.D. Tex. Mar. 11, 2014) ("[T]he requirements for showing actual fraud are less burdensome than those for establishing fraud.").

Here, MDisrupt has adequately pleaded that SG Holdings engaged in actual fraud by knowingly misrepresenting SGMC's intention to pay for services rendered under the consulting agreement to induce MDisrupt to continue providing services under the agreement through the termination date. Dkt. 1-1, at 6-7, 10-11; *Weston*, 2014 WL 940329, at \*5 (finding actual fraud in support of alter-ego claims to be properly pleaded where defendants "allegedly made misrepresentations about fulfilling their contractual obligations"); *see also In re Arnette*, 454 B.R. 663, 694-95 (Bankr. N.D. Tex. 2011) (holding that a party committed actual fraud by making material misrepresentations, failing to disclose important information, and never intending to comply with the terms of the parties' agreement). While it remains to be seen whether MDisrupt can establish that SG Holdings exerted sufficient control over SGMC to qualify as its alter ego, SG Holdings did not attack MDisrupt's complaint on this basis. SG Holdings' motion to dismiss, which raises only the issue of whether MDisrupt properly pleaded actual fraud in support of its veil-piercing claims, should therefore be denied.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** SG Holdings' motion to dismiss, Dkt. 11.

The referral to the Magistrate Judge should now be canceled.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 26, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE